**J.I. KISLAK MORTGAGE CORPORATION, a Florida corporation, Plaintiff,**

v.

**The CONNECTICUT BANK AND TRUST COMPANY, N.A., etc., et al., Defendant.**

**No. 83–2843–CIV–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

Jan. 11, 1985.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO TRANSFER CAUSE TO MORE CONVENIENT FORUM

SPELLMAN, District Judge.

THIS CAUSE comes before the Court on Defendant's Motion, made pursuant to 28 U.S.C. § 1404(a), to Transfer this Cause to the United States District Court for the District of Connecticut, a "More Convenient Forum." The Court having reviewed the same and being otherwise duly advised that settlement negotiations have terminated, thus dissolving this Court's November 26, 1984 Order Granting Stipulation to Abate, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Transfer is DENIED.

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

As Defendant points out, the purpose of § 1404(a) is to prevent waste of time and money, and to protect parties, witnesses, and litigants from unnecessary inconvenience and expense. *See Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Congress' intent in passing 28 U.S.C. § 1404(a) was to permit courts to transfer cases upon a lesser showing of inconvenience than that required by the doctrine of forum non conveniens. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

What Defendant does not point out is the well-settled fact that "[a] discretionary transfer under 28 U.S.C. § 1404(a) 'will not be granted absent a clear cut and convincing showing by defendant that the balance of convenience weighs strongly in favor of the transferee court.'" *Vassallo v. Niedermeyer*, 495 F.Supp. 757, 759 (S.D.N.Y.1980) (quoting *General State Authority of Pennsylvania v. Aetna Casualty and Surety Co.*, 314 F.Supp. 422, 423 (S.D.N.Y.1970). The burden is on the defendant, when it is the moving party, to establish that there should be a change of forum. Unless the balance strongly favors the defendant, plaintiff's choice of forum will rarely be disturbed. *Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339, 341 (8th Cir.1983). Thus, "[i]n the absence of a

clear difference in convenience, the plaintiff's choice of forum is determinative." *NTN Bearing Corp. v. Charles E. Scott, Inc.*, 557 F.Supp. 1273, 1279 (N.D.Ill.1983).

This Court is of the opinion that defendant has not carried its burden of proving entitlement to a change of venue under § 1404(a). Defendant's motion contains mere conclusory assertions as to the merits of its entitlement to a change of venue and a few factual assertions that do not satisfy the requirement of proving by a clear showing that the balance of conveniences favor the granting of defendant's request. This Court thoroughly reviewed the record, *see Surco Products, Inc. v. Theochem Laboratories*, 528 F.Supp. 677 (S.D.Fla.1981), and studied the affidavits submitted by defendant in support of this motion to transfer (these same affidavits were previously filed in support of Defendant's Motion to Quash Process). The substance of these affidavits, however, does not support a transfer of this cause to the District of Connecticut. Defendant has based this motion on generalized statements that: 1) all of its employees who will be witnesses reside in or about Connecticut; 2) all of its germane business records are in Connecticut; and 3) all of the employees of Ridgewood Savings Bank (the purchaser of the mortgage in question) are in New York and are not subject to this Court's compulsory process.

Courts have been uniform in holding such a bald showing as insufficient. In *American Standard, Inc. v. Bendix Corp.*, 487 F.Supp. 254 (W.D.Mo.1980), the general rule was explained: "But if the party moving for transfer under § 1404(a) merely makes a general allegation that witnesses will be necessary, without identifying those necessary witnesses and indicating what their testimony at trial will be, the motion for transfer based on convenience of witnesses will be denied." *Id.* at 262. *See also* Wright, Miller & Cooper, Federal Practice and Procedure § 3851, at 271 (1976).

Similarly, as with witnesses, "general allegations that a transfer is needed because of the location of books and records are not enough. The moving papers [sic] must show the location, difficulty of transportation and importance of the books and records." 487 F.Supp. at 264. "[B]ecause usually many records, or copies thereof, are easily transported, their location is not entitled to great weight." *Id.*

It is equally clear, with respect to the alleged witnesses of Ridgewood Savings Bank, "that neither the inability to implead third parties nor the lack of compulsory process necessarily mandates … transfer." *Mowrey v. Johnson & Johnson*, 524 F.Supp. 771, 776 (W.D.Pa.1981). More importantly, however, defendant has not even suggested that any of these witnesses, neither specified by name, nor generally by the nature or quality of their purported testimony, would be unwilling to testify and that compulsory process would be necessary. *See Hess v. Gray*, 85 F.R.D. 15, 25 (N.D.Ill.1979). While the capability of joining third parties may be a consideration, "to be afforded any weight, however, the moving party must persuade the Court that the need for third-party practice is more than a remote possibility." *Vassallo v. Niedermeyer*, 495 F.Supp. at 761. And as in *Vassallo*, the mere assertion that an additional party may be needed "falls well short of this mark."

Thus, for the reasons discussed above, defendant has failed to carry its strong burden of showing that there should be a change of forum. Defendant's Motion for Transfer is therefore denied. However, in light of this Court's recent Order Permitting Defendant to Amend its Answer, in which a new counterclaim is asserted, this Order denying the Motion to Transfer is without prejudice to being refiled, setting forth specifically the facts necessary to properly consider a motion under § 1404(a).