**Carrie L. GARAY, etc., et al., Plaintiffs,**

v.

**BRK ELECTRONICS, etc., et al., Defendants.**

**No. 90–903–CIV–T–17.**

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 6, 1991.

John W. Andrews, Tampa, Fla., for plaintiffs.

Frank Henry Gassler, Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, Fla., for defendants.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motions to transfer and to dismiss, and Plaintiffs' response thereto. No opposition to the Motion to Dismiss appears in this file.

### I. TRANSFER

Defendants seek the transfer of this case to Georgia on the basis that Georgia is a more convenient forum for the parties and witnesses, and the interests of justice would be served by the transfer.

The threshold consideration is whether this case might have been brought in the transferee district. It is clear from the pleadings that this requirement is met.

Courts have considered several factors in determining transfer. Those factors include: 1) convenience of the parties; 2) convenience of witnesses; 3) relative ease of access to sources of proof; 4) availability of process to compel the presence of unwilling witnesses; 5) costs of obtaining the presence of witnesses; and 6) the public interest.

The moving party has the burden of proof, and must make a convincing showing of the right to transfer. Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient. *Van Dusen v. Barrack*, 376 U.S. 612, 645–646, 84 S.Ct. 805, 823–824, 11 L.Ed.2d 945 (1966). Unless the balance strongly favors defendant, plaintiff's choice of forum will rarely be disturbed. *Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339, 341 (8th Cir.1983). "In the absence of a clear difference in convenience, the plaintiff's choice of forum is determinative." *NTN Bearing Corp. v. Charles E. Scott, Inc.*, 557 F.Supp. 1273, 1279 (N.D.Ill.1983). However, where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration. *Windmere Corporation v. Remington Products, Inc.*, 617 F.Supp. 8, 10 (S.D.Fla.1985).

Plaintiffs respond that the following factors render transfer inappropriate:
1. Pre-trial publicity;
2. Inability to obtain a fair trial in Georgia due to racial prejudice;
3. Four of the five key liability witnesses do not live in Georgia;
4. The decedents were residents of the State of Florida and Florida law should apply;
5. Florida is a proper forum;
6. Expenses of trial to Plaintiffs in Georgia.

The Court gives no weight to the first two factors raised by Plaintiff. Jury selection procedures are designed to resolve those issues. In the alternative, those issues should be addressed by motion immediately prior to trial.

The Court gives great weight to the convenience of parties and witnesses. Two

key witnesses, Beverly H. Talbot and Clarence Hensley, reside in neither Florida nor Georgia. Plaintiff Carrie Garay Miller is a resident of Florida. Harold Miller is a resident of Florida. Kenneth Inman's last known address is somewhere in South Georgia. Additional witnesses, including members of the Hahira Police Department, the Hahira Fire Department, the Georgia Bureau of Investigation and the Coffey County Sheriff's Office, reside in Georgia. Christopher Talbot, an owner of the house where the fire occurred, is presently stationed at Moody Air Force Base near Valdosta, Georgia.

The Court finds that there is no clear difference in convenience of witnesses and parties. More witnesses as to the investigation of the fire live in Georgia, but several key witnesses do not. Litigation is always inconvenient to some party or witness. If the discovery process becomes burdensome, appropriate motions can be filed. The Court concludes that convenience of parties and the convenience of witnesses weigh against transfer.

The Court notes that the availability of process to compel the presence of unwilling witnesses may present a problem in this case. Rule 45(e) provides:

A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the district, or at any place without the district that is within 100 miles of place of the hearing or trial specified in the subpoena, or at a place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place where the district court is held. When a statute of the United States provides therefor, the court upon proper application and cause shown may authorize the service of a subpoena at any other place.

The material witnesses located outside of Florida may be unwilling to testify at trial in the Middle District, and do not appear to be within the 100 mile limit. However, the general allegation that some witnesses may be unwilling to testify is not sufficient to support a transfer. Further, there has

been no showing that the witnesses cannot be effectively presented by depositions, and there has been no specific identification of the substance of their testimony.

As to relative ease of access to sources of proof, the house in which the fire occurred is no longer standing, and witnesses are available for deposition as to the investigation of the fire. The Court finds that this factor is neutral.

As to the costs of trial, if the trial takes place in the Middle District, Defendants may be prejudiced by the costs of transporting witnesses. If the trial takes place in Georgia, Plaintiffs will be prejudiced by increased expenses for travel. This factor is neutral.

The choice of law applicable to the controversy is given some weight. Defendants argue that Georgia law applies. Plaintiffs argue that Florida law applies.

Defendants contend that the Georgia Wrongful Death statute is applicable. The Court considers the following factors pursuant to the "significant relationship" test set forth in *Bishop v. Florida Specialty Paint Co.*, 389 So.2d 999 (Fla.1980): a) the place where the injury occurred, b) the place where the conduct caused the injury to occur, c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and d) the place where the relationship, if any, between the parties is centered.

The injury occurred in Hahira, Georgia. The First Alert smoke alarm was used in Georgia, but may have been purchased elsewhere. The First Alert alarm was manufactured in Illinois. Plaintiffs were residents of Florida at the relevant time. Defendant's place of incorporation is in Illinois, and it derives substantial income from the sale of its products in Florida as well as other states. The smoke alarm was installed in the house where Plaintiffs were temporarily staying in Georgia. The relationship between the parties is that of producer and user. That relationship is centered in Georgia, where the house in which the alarm was installed was located.

Plaintiffs have argued that Florida law applies because the Plaintiffs were resi-

dents of Florida at the time of the fire, and it was merely fortuitous that the incident occurred in Georgia rather than in Florida. Plaintiffs contend that the negligence that caused the injury was done in Illinois, when the smoke alarm was manufactured, and the failure of the smoke alarm to sound loud enough to wake Plaintiffs could have happened anywhere.

After weighing the above factors, the Court finds that Georgia law is applicable. When people travel from state to state, it is no surprise that they become subject to the laws of that state. The choice of applicable law weighs in favor of transfer of this case.

The interests of justice require that a court consider "the forum in which judicial resources could most efficiently be utilized and place in which trial would be most 'easy, expeditious, and inexpensive.'" *First Federal Savings and Loan Association v. Berger,* 672 F.Supp. 1454, 1457 (M.D.Ga.1987) (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).

The present docket in the Middle District of Florida is considerably more congested than the docket in Georgia. To the extent that the litigants must wait for their day in court, with the costs and inconvenience attendant on any delay, this factor supports transfer.

After weighing the above factors, the Court finds that the motion for transfer should be denied.

## II. MOTION TO DISMISS

Defendant seeks to dismiss for failure to state a cause of action in that the complaint is brought under Florida Statute § 768.21. The Court has found that Georgia law applies to this case. Plaintiffs are granted leave to amend the complaint.

Defendant further argues that Counts II and III of this complaint fail to allege ultimate facts sufficient to state a cause of action based on negligence and strict liability. The Court denies the motion to dismiss as to these issues.

Defendants further challenge personal jurisdiction. Among other things, Plaintiffs allege that the subject product is sold in Florida. The Court denies the motion to dismiss as to this issue. Accordingly, it is

ORDERED that Defendants' motion to transfer is denied. It is further

ORDERED that Defendants' motion to dismiss is granted to the extent that the Court finds that Georgia law is applicable; Plaintiffs are granted twenty days to file an amended complaint. In all other respects the motion to dismiss is denied

DONE and ORDERED.