**Candis MASON, Michael Halton, Plaintiffs,**

v.

**SMITHKLINE BEECHAM CLINICAL LABORATORIES, Defendant.**

No. 01–760–CIV.

United States District Court, S.D. Florida, Miami Division.

June 28, 2001.

Barry L. Davis, Mark D. Bohm, Thornton Davis & Fein, Miami, FL, for Defendants.

Robert L. Parks, Hagggard Parks Haggard & Bologna, Coral Gables, FL, for Plaintiffs.

Thomas A. Culmo, Culmo & Culmo, Miami, FL, for Plaintiffs.

*ORDER DENYING DEFENDANTS' MOTION TO TRANSFER*

MOORE, District Judge.

THIS CAUSE came before the Court upon Defendants' Motion to transfer this action to the United States District Court for the Northern District of California, filed March 21, 2001.

UPON CONSIDERATION of the Motion, response, reply, and other pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## I. Background

Plaintiffs Candis Mason, and her husband, Michael Halton, allege that in 1995 Mason contracted Hepatitis C when Mason's blood was drawn using a contaminated, reused needle at Defendant's facility. Plaintiffs filed this action in the Eleventh Judicial Circuit in and for Miami–Dade County, State of Florida, and Defendants removed to this Court on February 21, 2001. Defendants now move for transfer of the case to the Northern District of California, where the alleged use of a contaminated needle occurred.

## II. Standard for Motion to Transfer

■ 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The standard for transfer under section 1404(a) gives broad discretion to the trial court, which will be overturned only for abuse of discretion. *See Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991) (holding that trial court did not abuse discretion in transferring a case that would impose financial hardship on a party no matter where it was heard).

■ Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money. *See Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). The burden is on the defendant, when it is the moving party, to establish that there should be a change in forum. *See Garay v. BRK Electronics,* 755 F.Supp. 1010 (M.D.Fla.1991).

■ The question of whether to transfer venue is a two-pronged inquiry. First, the alternative venue must be one in which the action could originally have been brought by the plaintiff. The second prong requires courts to balance private and public factors to determine if transfer is justified. *See Miot v. Kechijian,* 830 F.Supp. 1460, 1465–66 (S.D.Fla.1993). Defendants moving for transfer have a heightened burden as they must prove with particularity the inconvenience caused by the plaintiff's choice of forum. *See McEvily v. Sunbeam–Oster Co.,* 878 F.Supp. 337, 345 (D.R.I.1994). Transfer can only be granted where the balance of convenience of the parties *strongly favors* the defendant. *See Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir.1996) (holding that plaintiff's choice of forum should not be disturbed unless it is "clearly outweighed" by other considerations); *Allied Specialty Ins. Inc. v. Ohio Water Parks, Inc.,* 699 F.Supp. 878, 882 (M.D.Fla.1988) ("the Court must give considerable weight to plaintiff's choice of forum").

## III. Discussion

■ Here, the parties do not dispute that this action could have been brought in the Northern District of California.

Therefore, the undersigned turns immediately to a discussion of the second prong. The second consideration is whether, on balance, the convenience of the parties and witnesses and the interest of justice weighs in favor of this Court retaining this case or transferring it to the Northern District of California. Some of the factors to be considered include: Plaintiffs' initial choice of forum, convenience of the parties and witnesses, availability of compulsory process for witnesses, relative ease of access to sources of proof, location of relative documents, financial ability to bear the cost of the change, public interest, and all other practical problems that make trial of the case easy, expeditious, and inexpensive. *See Eye Care Int'l, Inc. v. Underhill,* 119 F.Supp.2d 1313, 1317–18 (M.D.Fla. 2000); *Miot,* 830 F.Supp. at 1460.

In support of its motion to transfer, Defendants argue that (1) most of the key witnesses live in California; (2) the parties will be unable to compel the attendance of unwilling California witnesses in a Florida trial; (3) the incident site is in California; (4) a related case was brought in the Northern District of California on behalf of multiple plaintiffs; and (5) fifty-eight consolidated cases are pending in California's Superior Court for the County of Santa Clara, and thirty-one of those consolidated cases also arise from the alleged contraction of viral infections. In short, Defendants argue that these factors place the center of gravity of the case in California.

In opposition to Defendants' motion to transfer, Plaintiffs argue that their choice of forum should not be disturbed because (1) a number of key witnesses are not located in California, but rather, are located in South Florida and New York; (2) live testimony from California witnesses named by Defendants is not crucial to the

fair resolution of the case; (3) a view of the incident site will not be necessary; and (4) Mason's poor health and lack of financial resources make prosecution of Plaintiffs' action in California highly inconvenient, if not impossible. Each of these arguments will be addressed in turn.

### a. Plaintiff's Choice of Forum

■ Plaintiffs have brought this action in their district of residence, the Southern District of Florida. Defendants have not alleged, and there is no reason to believe, that Plaintiffs, in choosing this forum, sought to harass or oppress Defendants by imposing unnecessary legal expenses on them. Nor have Defendants alleged that Plaintiffs are engaging "forum-shopping" by bringing their action here. Rather, it appears from the briefs of the parties that Plaintiffs' choice of forum was dictated by Candis Mason's financial and physical restraints, and that this choice is supported by the presence in this forum of several important witnesses and some evidence.

In Plaintiffs' response to the motion to transfer, Plaintiffs discuss the personal difficulties that a transfer of the action to California would pose to Mason's health and financial resources. First, in her Affidavit, Mason represents that it would be "impossible for me to prosecute my personal injury claim in California because I have no money, savings, investments or otherwise to fund the expense of travel and lodging in California for deposition(s), independent medical examinations, mediation and trial." She goes on to list her income, assets, and debts, which substantiate this claim. Defendants cast doubt on the credibility of this assertion because Plaintiffs did not represent the financial

status of Mason's husband and co-plaintiff in the Affidavit. Defendants also retort that Plaintiffs' attorney could cover the costs to Plaintiffs of litigation in California. While financial backing from other sources would somewhat diminish Mason's hardship, it would not negate it.

Perhaps more importantly, Plaintiffs assert that Mason suffers from fatigue as a result of the Hepatitis C.[1] While Plaintiffs omitted mention of Mason's symptoms of fatigue in her Affidavit, Defendants do not contest Plaintiffs' assertion that Mason is in poor health and that travel would be difficult. Courts have been sympathetic to plaintiffs who have chosen to sue in their forum of residence because of weak health. For instance, in *Gdovin v. Catawba Rental Co., Inc.,* the court placed "great weight" on the plaintiffs' original choice of forum where the plaintiffs had "sustained severe injuries" and it was likely that "transfer would pose additional physical and financial hardships on them." 596 F.Supp. 1325, 1327 (N.D.Ohio 1984); *see also Moore v. McKibbon Brothers, Inc.,* 41 F.Supp.2d 1350, 1357 (N.D.Ga.1998).

■ The Court finds that Plaintiffs' choice of forum should be afforded considerable deference. Defendants have pointed out, and the Court agrees, that a plaintiff's choice of forum is entitled to less consideration where the operative facts underlying the cause of action did not occur within the forum chosen by the plaintiff. *See Garay v. BRK Electronics,* 755 F.Supp. 1010, 1011 (M.D.Fla.1991). However, it is equally true that a plaintiff's choice of forum must be afforded considerable deference, where, as here, the plaintiff has elected to bring suit in the district in which he resides. *See Patel v. Howard*

1. *See* Plaintiffs' Response, page 8.

*Johnson Franchise Systems,* 928 F.Supp. 1099, 1101 (M.D.Ala.1996). This is particularly true to this case because Plaintiffs have presented compelling reasons for why they need to litigate in their forum of residence. In addition, it would be inaccurate to state that none of the operative facts in this case occurred within the forum chosen by Plaintiffs. Rather, because Plaintiffs' injuries are ongoing, some operative facts on the damages element are located, and continue to materialize, in Plaintiffs' residence. With this in mind, the undersigned turns to Defendants reasons for requesting transfer.

**b. Convenience of Defendants**

■ One factor to be considered is the convenience of Defendants. *See Eye Care Int'l,* 119 F.Supp.2d at 1317–18, *Miot,* 830 F.Supp. at 1460. The Court does not doubt that this litigation would be more convenient for Defendants if it were conducted in California. A number of other cases involving the same alleged needle reuse have been filed against Defendants in California state and federal courts. The attorneys representing Defendants in those cases are also representing Defendants in this case.[2] A transfer would prevent the disruption of Defendant's litigation team, which has already been assembled in California. However, the Court finds that litigation in Florida would not be substantially more inconvenient for Defendants than litigation in California would be for Plaintiffs. Where a transfer "merely shifts the inconvenience from one party to another, Plaintiff's choice of forum should remain." *Eye Care International, Inc. v. Underhill,* 119 F.Supp.2d 1313, 1319 (M.D.Fla.2000). Therefore, the factor of convenience to

Defendants, while relevant, does not weigh heavily in favor of transfer.

**c. Convenience and Availability of Witnesses**

■ Defendants' most compelling reason for requesting transfer is that a number of important witnesses are located in California. The witnesses enumerated by Defendants in support of their motion to transfer are: (1) officials from Santa Clara County and San Mateo County's Department of Health who investigated the alleged reuse of needles; (2) a field investigator from the California Department of Health Services to whom the accused phlebotomist, Elaine Giorgi, admitted reuse of needles; (3) an infectious disease specialist who completed an analysis of the risk of infection from the alleged needle reuse and whose declarations were filed in the California actions; (4) Elaine Giorgi, the phlebotomist who allegedly reused a needle when drawing Mason's blood; (5) Ana Dvorsky, a co-worker of Ms. Giorgi, who allegedly observed Ms. Giorgi reuse needles; and finally, (6) Defendants' "other employees" and "other representatives."

■ The convenience of non-party witnesses is an important factor in determining whether a transfer should be granted. 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure,* § 3851. However, when considering this factor, it is not so much the convenience of the witnesses but the possibility of having their testimony at the trial that is important. *Id.* Thus, transfer may be denied when the witnesses, although in another district, are employees of a party and their presence can be obtained by that party. It may also

**2.** *See* Defendants' Motion to Transfer, Declaration of Thomas W. Pulliam, Ex. A.

be denied where the movant does not show that the witnesses would be unwilling to testify and that compulsory process would be necessary. *See J.I. Kislak Mortgage Corp.,* 604 F.Supp. at 348.

 Furthermore, motions to transfers are not determined solely upon the outcome of a contest between the parties as to which of them can present a longer list of possible witnesses located in the respective districts in which each party would like to try the case. The party seeking the transfer must support its motion by clearly specifying the key witnesses to be called and particularly stating the significance of their testimony. *See McEvily,* 878 F.Supp. at 345; *J.I. Kislak Mortgage Corp. v. Connecticut Bank & Trust Co.,* 604 F.Supp. 346, 348 (S.D.Fla. 1985). Finally, the factor of witness convenience and availability does not stand alone, and must be weighed against other relevant factors.

Applying these guidelines, the Court finds that convenience of the officials from Santa Clara County and San Mateo County's Department of Health and of the field investigator from the California Department of Health Services does not weigh heavily in favor of transfer. First, Defendants do not identify these witnesses by name, or discuss in detail what these witnesses will testify. *See J.I. Kislak Mortgage Corp.,* 604 F.Supp. at 348. Second, though these witnesses may not be compelled to testify in Florida, Defendants have not suggested that these witnesses would be unwilling to appear of their own accord. Finally, even if these witnesses would not attend, their testimony does not appear to be so central to the case that it could not fairly be presented through depositions. Therefore, the inconvenience or unavailability of these witnesses, while rel-

evant, does not greatly support the motion for transfer.

Similarly, the inconvenience of the San Francisco infectious disease specialist does not greatly support transfer. First, Defendants have not represented that the specialist's declarations on the risk of infection from the alleged needle reuse, filed in the California actions, could not also be filed in this South Florida action. Therefore, it is not clear that the specialist's findings would be lost if the case remained in Florida. Second, though this specialist could not be forced to testify at trial in this district, Defendants have again not represented that he would be unwilling to testify of his own accord. Therefore, the convenience of this witness, while also relevant, does not weigh heavily in favor of transfer.

Most convincing is Defendants' argument that Elaine Giorgi, the phlebotomist who allegedly reused a needle when drawing Mason's blood, and Ana Dvorsky, a co-worker of Ms. Giorgi who allegedly observed Ms. Giorgi reuse needles, reside in California. Less convincingly, Defendants also claim that the testimony of "Defendants' other employees" and "other representatives of Defendants" will be necessary. Defendants simply assert that these unnamed witnesses "testified in the criminal proceedings maintained by the State of California against Ms. Giorgi" and "have knowledge of the alleged needle reuse." [3]

While the two named witnesses, Ms. Giorgi and Ms. Dvorsky, are certainly relevant to this decision, the generically identified "other employees" should not be considered. First, these unnamed witnesses are not specifically identified and their potential testimony is not described. *See J.I. Kislak Mortgage Corp.,* 604 F.Supp. at 348. Therefore, the Court cannot evaluate the importance of these witnesses. Second, Defendants have not represented that

---

3. *See* Motion to Transfer, page 3.

these witnesses are no longer in their employ. If these employees or representatives are still employed by Defendants, then Defendants may compel their attendance. For these reasons, the undersigned has not considered these "other employees" and "representatives" in the transfer equation.

With respect to Ms. Giorgi and Ms. Lvorsky, Plaintiffs argue that they should not be considered "key" witnesses, because (1) needle reuse has already been established, and therefore proof on the elements of causation and damages is more important to this case, and (2) these witnesses are unlikely to recall Mason specifically, or whether she was subjected to needle reuse, as the alleged incident occurred over five years ago. Rather, Plaintiffs argue, even if needle reuse has not been established, document evidence will prove far more crucial to the issue because of failing memories. Defendants adamantly disagree with Plaintiffs' assertion that needle reuse has been established, and point out that needle reuse has only been admitted for a brief period four years after Mason's blood was allegedly drawn.

Regardless of whether needle reuse has been established, Defendants have not shown that the convenience or availability of these two witnesses, or the other witnesses discussed *supra*, is more important to the fair resolution of this case than the convenience or availability of Florida witnesses who will testify about other elements of the action. Specifically, Plaintiffs, through Mason's sworn affidavit, have demonstrated that Mason was not diagnosed with Hepatitis C until after she moved back to Florida in August 1997. Therefore, all of her treating physicians are located in Florida, and Plaintiffs have specifically listed four of them, and what their role in her treatment has been. The testimony of these witnesses will be pivotal on the issue of Plaintiffs' damages.

If the law did not place the burden on Defendants of demonstrating that transfer is clearly warranted, this decision would be more difficult. Defendants have named two key witnesses on the breach element, and referenced but not named several other witnesses, while Plaintiffs have named three or four key witnesses on the damages element. However, Defendants do bear the burden of proof, and must make a convincing showing of the right to transfer. *See Garay,* 755 F.Supp. at 1011. Defendants must show that the balance of conveniences strongly favors transfer. *See Robinson,* 74 F.3d at 260; *Allied Specialty Ins.,* 699 F.Supp. at 882.

While Defendants have convinced the Court that a fewer number of individuals would probably be inconvenienced if the action were transferred to California, this is not sufficient for Defendants to carry their burden. A motion for transfer is not simply a numbers game. Rather, the Court must consider whether, though inconvenienced, the enumerated witnesses would attend a trial, the importance of the witnesses' testimony, and whether that testimony could be effectively presented by deposition. As discussed, in light of these factors, and the fact that Defendants bear the burden of proving that the balance of conveniences strongly favors transfer, Defendants' several California witnesses do not provide strong enough support for the motion to transfer.

### d. Location and Availability of Evidence

The location and availability of evidence in this case also provides little support for transfer. First, Defendants argue that venue should be transferred because venue in Florida makes a view of the incident site impossible. However, the Court is not convinced that a view of Defendants' premises is needed, even if it were made possible by transfer. As Plaintiffs ob-

serve, few negligence cases require a viewing, and, in this case, a view of the incident site is not likely to be relevant to whether Mason was stuck with a contaminated needle. Also, even if site inspection is relevant, it can be achieved through video, photographs, and drawings.

Second, the location of evidence on Mason's other risk factors for Hepatitis C, relevant to the causation element, does not strongly favor either party. Incidentally, both parties try to claim that more evidence of Mason's risk factors will come from their district of choice. On this issue, Plaintiffs have shown that Mason has lived in Florida for longer than she has lived in California. She attended high school in Florida, and has lived in Florida with her husband from 1993 to 1995, and from 1997 to the present. She only lived in California for about two years, from 1995 to 1997. However, Mason has apparently resided in New York for most of her adult life, from 1967 to 1993. Consequently, it is likely, though not certain, that most evidence of her risk factors will come from neither California nor Florida.

Third, while many relevant documents are located in California, the location of documents does not weigh heavily in favor of transfer in this case. Plaintiffs point out that Defendants have agreed, as represented in the parties' Joint Scheduling Report, to produce 2,500 pages of documents to Plaintiffs, which Defendants have already produced in the California cases.[4] These will be produced irrespective of the venue of the action. Further, in light of technological advancements in document imaging, management, and retrieval, it is unlikely that document production will be unduly burdensome if transfer is denied.

In sum, the location of evidence in this case does not provide strong support for transfer of the action. It does not appear

that any significant evidence will be lost by refusing transfer. In addition, it does not appear that Defendants will be unduly burdened in their production of evidence if the action is retained.

### IV. Conclusion

In conclusion, while Defendants have provided several reasons why this litigation would be more properly conducted in California, they have not carried their burden of showing that the preference for Plaintiffs' choice of forum is "clearly outweighed" by other considerations.

ACCORDINGLY, it is

ORDERED AND ADJUDGED that said Motion be, and the same is, hereby DENIED.

---

4. *See* Plaintiff's Response, page 7.