**STIEFEL LABORATORIES, INC., and
Stiefel Sales, Inc., Plaintiff,**

v.

**GALDERMA LABORATORIES,
INC., Defendant.**

Case No. 08–21620–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Nov. 13, 2008.

Michael W. Casey, III, Esquire, Mark J. Beutler, Esquire, Epstein Becker & Green, P.C., Miami, FL, for Plaintiffs.

Donald J. Hayden, Esquire, Baker & McKenzie LLP, Miami, FL, Thomas S. Campbell, Esquire, Ethan A. Berghoff, Esquire, Baker & McKenzie LLP, Chicago, IL, for Defendant.

### ORDER

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** comes before the Court upon Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and Supporting Memorandum of Law [D.E. 10] and Defendant's Motion to Stay Further Proceedings Pending Resolution of Galderma's Motion to Transfer Venue [D.E. 14].

**THE COURT** has considered the Motions, the pertinent portions of the record, and is otherwise duly advised in the premises.

## I. BACKGROUND

The parties herein are competitors for the development and marketing of dermatological products throughout the United States. Plaintiffs instituted this action seeking to restrain Defendant from allegedly inducing Plaintiffs' former sales representatives to violate the terms of certain Confidential Disclosure Agreements (the "CDAs"). Specifically, Plaintiffs allege that the CDAs executed by the employees contain non-solicitation provisions that, for a period of six months, restrain sales representatives from contacting the same physicians that were contacted while the persons were employed with Plaintiffs. Relevant at this juncture is that Plaintiffs are Delaware corporations with a principal place of business in Coral Gables, Florida. Defendant is a limited partnership with its corporate headquarters in Fort Worth, Texas. The former employees at issue allegedly serviced diverse areas, including parts of Virginia, the District of Columbia and Pennsylvania. Defendant seeks to transfer the case to the Northern District of Texas, its home forum, alleging that a transfer is warranted based upon the balance of factors contained within 28 U.S.C. § 1404.

## II. LAW AND DISCUSSION

■ A motion to transfer venue is governed by 28 U.S.C. § 1404, which provides,

> For the convenience of the parties and witnesses in the interest of justice, a district court may transfer any civil ac-

tion to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The standard for transfer leaves broad discretion to the court, which will be overturned only for abuse of discretion. *See Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193 (11th Cir.1991) (holding that the district court did not abuse discretion in transferring a case that would impose financial hardship on a party no matter where it was heard). Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy and money. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). The burden is on the movant to establish that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); *Garay v. BRK Electronics*, 755 F.Supp. 1010 (M.D.Fla.1991).

■ Courts embark on a two-prong inquiry when considering the several factors used to determine whether to transfer venue. First, the alternative venue must be one in which the action could originally have been brought by the plaintiff. 28 U.S.C. § 1404; *see also Mason v. Smithkline Beecham Clinical Laboratories*, 146 F.Supp.2d 1355, 1359 (S.D.Fla.2001). Second, courts are to balance private and public factors to determine if transfer is justified. *Mason*, 146 F.Supp.2d at 1359. Generally, the factors to consider under the second prong include the plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the costs of change, and the public interest.[1] *See Gonzalez v. Pirelli Tire*,

---

1. While the specific factors vary slightly, for purposes of this case, the potential variation is not dispositive.

*LLC,* 2008 WL 516847, *2 (S.D.Fla.2008); *Thermal Technologies, Inc. v. Dade Serv. Corp.,* 282 F.Supp.2d 1373, 1375 (S.D.Fla. 2003). Ultimately, transfer can only be granted where the balance of convenience of the parties *strongly* favors the defendant. *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir.1996) (emphasis added) (holding that plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations).

Here, the parties do not dispute that the action could have been brought in the Northern District of Texas. Therefore, the discussion must focus on whether, on balance, the convenience of the parties and witnesses and the interest of justice weigh in favor of transfer. For the reasons discussed below, the Court concludes that transfer is not warranted and, therefore, the case shall proceed in the Southern District of Florida.

## A. Plaintiffs' Initial Choice of Forum

Based on the facts before the Court, it appears that Plaintiffs could have instituted this action in one of several places. Nevertheless, they chose to commence this action in their home forum wherein it is undisputed that Plaintiffs have a principal place of business. Defendant asserts that this District "has no connection with the substance of this suit other than being the plaintiffs' home forum." [D.E. 22 at 6.] In support of its argument, Defendant emphasizes that Plaintiff's choice of forum is entitled to only limited deference because the operative facts underlying the action did not occur here [D.E. 10.] However, under the facts of this case, the Court need not determine whether Plaintiffs' choice of forum is of paramount concern or deserving of less deference. First, there is no evidence here that Plaintiffs acted improperly in commencing suit in this District. *See, e.g., Excelsior Designs, Inc. v. Sheres,* 291 F.Supp.2d 181, 188 (E.D.N.Y.

2003) (rejecting defense claim that plaintiff raced to file claim). Furthermore, as discussed below, the facts of this case have only a partial connection to Texas that does not necessarily weigh heavily in favor of transfer to that district. Lastly, because the balance of factors fails to *strongly* favor transfer, Plaintiffs' choice of forum is but one of the considerations and is not dispositive of the issue irrespective of whether the Court considers it deserving of little or significant deference.

## B. Convenience of the Parties and Witnesses

 Much of the dispute regarding transfer of venue lies in considering the convenience of the parties and potential witnesses. Some courts consider the convenience of the parties the single most important factor in the analysis of whether a transfer should be granted. *See, e.g., Gonzalez v. Pirelli Tire, LLC,* 2008 WL 516847 (S.D.Fla.2008). Here, Plaintiffs have submitted declarations from two executives who reside and work within the Southern District of Florida and who are both expected to be called as witnesses to the case. Defendant, for its part, submits that it is headquartered in Fort Worth Texas, the location of Defendant's potential executive witnesses. Defendant further argues that the three employees at issue under the CDAs were hired from Texas and partially trained at Defendant's headquarters such that a Texas location would ultimately be more convenient.

The Court must reject Defendant's emphasis that the relevant actions occurred in the Northern District of Texas. It is undisputed that the sales representatives serviced diverse areas, including parts of Virginia, the District of Columbia and Pennsylvania. Most of the interaction between Defendant and the employees appears to have been telephonically or by

remote means. Therefore, there is no factual nexus exclusively surrounding Fort Worth. It is also undisputed that this suit is not against the individual former employees, but rather only against the Defendant corporation for tortious interference with the CDAs. Although Defendant argues that this case involves "an alleged Texas scheme to solicit sales representatives in violation of the CDAs," [D.E. 22 at 5], the diverse locations of the employees and the allegations within the Complaint demonstrate that there is only a limited connection to Texas. Furthermore, to the extent that the employees will be required to travel, it is no less convenient to travel from their respective mid-Atlantic locations to Miami, Florida than to Fort Worth, Texas. *See, e.g., Mason,* 146 F.Supp.2d at 1361 (denying motion to transfer venue where transfer would merely shift the inconvenience from one party to another); *Scheble v. Davenport,* 2007 WL 1893364, *3 (N.D.Tx.2007) (denying transfer where different forum would not eliminate the inconvenience caused to the parties, but would merely shift burden and expense of travel from defendant to plaintiff). Consequently, the convenience of the parties and witnesses does not weigh strongly in favor of transfer.

**C. Relative Ease of Access to Sources of Proof**

█ According to Defendant, the material sources of proof are housed in Fort Worth such that this case should be transferred to the Northern District of Texas. As noted above, to the extent that the employees at issue were trained and/or employment documents were housed in Texas, the materials would have to be produced in the course of discovery regardless of venue. Defendant has not demonstrated that there is any particular difficulty in producing the materials or relevant documents, whether in Florida or Texas. Moreover, this Court believes that,

in the current world of expedited transfer of information, assembly and production of any necessary information can be produced just as easily in this District as in Texas. *See, e.g., Ivax Corp. v. B. Braun of America, Inc.,* 2001 WL 253253, *2 (S.D.Fla.2001) ("In the real world of computerization and electronic transfer of information, the assemblage of accounting data can be accomplished as easily in Miami, Florida as elsewhere."). Accordingly, this factor does not warrant transfer of the case.

**D. Availability of Compulsory Process for Witnesses**

█ As noted above, the convenience of non-party witnesses is a factor in determining whether a transfer should be granted. *Mason,* 146 F.Supp.2d at 1361. However, when considering this factor, it is not so much the convenience of the witnesses but the possibility of having their testimony at trial. *Id.* The party seeking the transfer must support its motion by clearly specifying the key witnesses to be called and particularly stating the significance of their testimony. *Id.* Here, Defendant has not identified any nonparty witnesses that would be necessary for trial. Moreover, to the extent that there may be non-party witnesses, those persons would presumably be located in the various sales territories, none of which are in the Northern District of Texas. Lastly, Defendant submits that "the majority of the witnesses in this case will be Galderma employees: Human Resource personnel; those additional employees responsible for interviewing, hiring and training sales representatives...." [D.E. 22 at 7], but it has failed to detail the significance of their testimony and has further failed to indicate any material reason as to why such employees would be unable to travel to Florida for trial, if necessary.

Ultimately, the Court finds that this factor does not warrant transfer.

### E. Financial Ability to Bear the Costs of Change and the Public Interest

 The Court finds that, under the facts of this case, the financial ability to bear the costs of litigation and the public interest factors both weigh equally when analyzing the Southern District of Florida as compared to the Northern District of Texas. There is no evidence before the Court as to either parties' inability to incur the cost of this litigation regardless of venue. Moreover, while the parties compare the relative court congestion in the two districts, this factor is not dispositive as both districts have comparably busy dockets and no one district is strongly favored.

In sum, after analyzing the relevant factors and based on the facts of the case, the Court finds that Plaintiffs' choice of forum is not be disturbed as it is not strongly outweighed by the other considerations contained within 28 U.S.C. § 1404(a).

### III. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand to State Court and Memorandum of Law [D.E. 3] is **DENIED.** It is further

**ORDERED AND ADJUDGED** that Defendant's Motion to Stay Further Proceedings Pending Resolution of Galderma's Motion to Transfer Venue [D.E. 14] is **DENIED** as moot.