**TRINITY CHRISTIAN CENTER
OF SANTA ANA, INC., etc.,
Plaintiff,**

**v.**

**NEW FRONTIER MEDIA, INC.,
etc., et al., Defendants.**

**Case No. 8:10–CV–1013–T–27TGW.**

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 3, 2010.

Colby M. May, Colby M. May, Esq., PC, Washington, DC, Jennifer L. Whitelaw, Whitelaw Legal Group, Naples, FL, for Plaintiff.

Sarah Marie Hammett, Thomas T. Steele, Steele Law Group, PA, Tampa, FL, John R. Posthumus, Sheridan Ross, PC, Denver, CO, for Defendant.

## ORDER

THOMAS G. WILSON, United States Magistrate Judge.

The plaintiff alleges that its "TBN" trademark, which is used to promote its religious television broadcasting, is being infringed by the defendant's "TEN" trademark used to connote its adult-themed pay-per-view networks. The defendant has filed a Motion to Transfer Venue, arguing that it would better serve the convenience of the parties and witnesses to prosecute this case in the United States District Court for the Central District of California (Doc. 13). The plaintiff opposes the motion (Doc. 22).

Because the plaintiff has presented evidence of substantial ties to Florida, and the defendant has not met its burden of overcoming the presumption in favor of the plaintiff's forum choice, Defendant New Frontier Media Inc.'s Motion to Transfer (Doc. 13) will be denied.

## I.

The plaintiff is a television religious broadcaster with a nationwide audience, and it promotes its services and goods under its federally registered trademark "TBN" (Doc. 1, pp. 4–6: Doc. 23, p. 2, ¶ 6). The plaintiff also promotes its religious and inspirational messages over the internet, in movies, and at a theme park (Doc. 23, p. 2, ¶¶ 6, 12). It is incorporated in California (Doc. 1, p. 3).

Defendant New Frontier Media, Inc. (the defendant) offers adult-themed pay-per-view networks to cable and satellite operators across the United States (Doc. 15, p. 2).[1] The defendant also delivers its adult-themed content through video-on-demand platforms and over the internet (*id.*, pp. 2–3). The defendant has a United States trademark registration for the trademark "TEN" (*id.*, p. 13), and it is alleged that the defendant uses the "TEN" mark in association with its adult programming (Doc. 1, ¶¶ 39, 43). The defendant is a Colorado corporation with its primary place of business in Boulder. Colorado (Doc. 15, p. 2).

The plaintiff alleges that the defendant's use of the mark "TEN" is visually and phonetically confusing with the plaintiff's "TBN" trademark (Doc. 1, pp. 11–12). It contends that, as a result, the defendant's mark is likely to cause consumer confusion and a false association between the plaintiff's religious broadcasting and the defendant's adult programming (*see id.*, pp. 12–15).

The plaintiff has filed in this court against the defendant, and unidentified individuals and companies, a nine-count complaint alleging claims of federal trademark dilution, federal and common law trademark infringement, federal false designa-

tion of origin, federal false and misleading description of fact, federal false and misleading representation of fact, common law injury to business reputation and dilution, and "common law false designation of origin, unjust enrichment, misappropriation, and false and misleading description of representation" (Doc. 1). The plaintiff seeks injunctive relief, damages, and attorneys' fees and costs (*id.*, p. 16). The defendant denies the plaintiff's claims, including the allegation that it uses the mark "TEN BROADCASTING" (Doc. 15, p. 7).

The defendant has filed a motion to transfer venue, arguing that the convenience of the parties and witnesses favor transfer of this case to the United States District Court for the Central District of California, Southern Division, because, among other things, the plaintiff is incorporated in California and has a place of business there (Doc. 13). The plaintiff opposes the motion, arguing that this court is a more convenient forum for the plaintiff because it has substantial connections to Florida (Doc. 22).

The matter was referred to me for disposition (Doc. 24). Oral argument was subsequently conducted on the motion (*see* Doc. 28).

## II.

The defendant seeks a transfer of this case to the California district court pursuant to 28 U.S.C. 1404(a) (Doc. 13). That section provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a).

---

1. The plaintiff also lists as defendants "Various John Does, Jane Does and ABC Companies" (Doc. 1). Since these potential defen-

dants have not been identified, there are no other defendants to consider in determining this motion to transfer.

The defendant does not dispute that venue is appropriate in this court, only asserting that California would better "serve the convenience of parties and witnesses" (Doc. 13, p. 2). Furthermore, the plaintiff does not dispute that this case could have been filed in the California district court (*see* Doc. 22). *See Continental Grain Co. v. The Barge FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)(a threshold consideration is whether the action "might have been brought" in the proposed transferee district court). Consequently, this motion does not involve the propriety of venue under 28 U.S.C. 1391, or whether a transfer is warranted under 28 U.S.C. 1406.

A number of factors have been identified for consideration in determining whether to transfer a case pursuant to § 1404(a). The Eleventh Circuit has said such factors include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir.2005). "[T]he burden is on the movant to establish that the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

■■■ A basic principle under § 1404(a) is that "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir.1981); *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir.1996).

The defendant contends that the plaintiff's choice of forum should carry little weight in this case because the plaintiff does not reside in Florida, and this dispute purportedly has "no specific nexus or connection with Florida" (Doc. 13, p. 2). In fact, the defendant's memorandum leaves the impression that the plaintiff has no specific connection to Florida (*see id.*, pp. 2, 3, 8). The plaintiff, however, dispels that notion in its response to the defendant's motion.

In this regard, the plaintiff proffers the affidavit of Michael Everett, a manager in TBN's Florida office (Doc. 23). Everett's affidavit evidences that Florida is a central location of the plaintiff's broadcasting operations. Specifically, Everett states that TBN owns, operates, or is affiliated with, eleven television stations in Florida, including several within this district, which prominently use and display the TBN trademark (*id.*, ¶¶ 10, 13). Significantly, Everett states that the plaintiff and its affiliates hold more full power authorizations in Florida than anywhere else in the United States, except for the state of Texas (*id.*, ¶¶ 10, 11). Additionally, the plaintiff owns a theme park in this district which prominently displays the TBN mark (*id.*, ¶¶ 12, 13).

Moreover, Everett states that the vast majority of all of TBN's employees reside and work in the state of Florida, and that much of its proof for this case is in Florida (*see id.*, ¶¶ 11, 20–22). Everett, in particular, avers that TBN's presence in Florida is greater than in California (*id.*, ¶ 8). Therefore, the plaintiff has unquestionably established that it has a substantial presence in Florida.

At the hearing, the defendant attempted to minimize the significance of this evidence, speculating that these contacts regard only TBN's Florida operations, whereas the complaint presents claims of nationwide trademark infringement. This

contention is unpersuasive. The fact that the plaintiff has asserted claims that are nationwide in scope is beside the point of whether the Central District of California is a more convenient forum than this district.

Moreover, TBN's Florida connections involve the TBN nationwide brand, and TBN's numerous television broadcasting stations and full power authorizations in Florida are central to the plaintiff's trademark claims of infringing broadcasting. In addition, the plaintiff argues that TBN's significant presence in Florida also shows that any purported injury in Florida from its nationwide claims would be substantial.

Therefore, because the plaintiff has established abundant ties with Florida that are relevant to this dispute, it is appropriate to give strong consideration to the plaintiff's choice of forum. This factor, consequently. weighs heavily against a transfer. Further, an assessment of the factors identified by the Eleventh Circuit in evaluating a § 1404(a) transfer request does not warrant a different conclusion.

### (1) *The convenience of the witnesses*

■ This factor, which pertains to the convenience of non-party witnesses, is an important consideration in determining whether a transfer should be granted. 15 Wright, Miller & Cooper, *Federal Practice and Procedure:* Civil 3d § 3851. However, its significance is diminished when the witnesses, although in another district, are employees of a party and their presence at trial can be obtained by that party. *See Mason v. Smithkline Beecham Clinical Labs.,* 146 F.Supp.2d 1355, 1361–62 (S.D.Fla.2001).

■ Other than generally stating that its own employees may testify, the defendant has not identified any non-party witnesses that it intends to call at trial (Doc. 13, p. 8; Doc. 14, ¶ 6). The plaintiff also indicates that it will call its employees at trial (*see* Doc. 23, ¶ 21).

Further, the plaintiff states that it will likely call Florida consumers to testify regarding customer confusion between the parties' marks (*see* Doc. 22, p. 9). However, as the defendant argues, it is appropriate to disregard this assertion because it is speculation at this point. Thus, the plaintiff does not identify any such witness or specify the substance of such testimony. *See Smith v. Colonial Penn Ins. Co.,* 943 F.Supp. 782, 784 (S.D.Tex.1996) (rejecting "vague statements about the convenience of unknown and unnamed witnesses"); *Oller v. Ford Motor Co.,* 1994 WL 143017 at *3 (M.D.Fla.1994)(unpub. dec.)(a party should specify the key witnesses to be called and their expected testimony when considering the convenience of the witnesses). Therefore, because neither party has presented evidence of nonparty witnesses other than its employees, this factor is neutral.

### (2) *The location of relevant documents and the relative ease of access to sources of proof*

■ This factor examines the location of sources of documentary proof and other tangible materials, and the ease with which the parties can transport them to trial. *See, e.g., Meterlogic, Inc. v. Copier Solutions, Inc.,* 185 F.Supp.2d 1292, 1300 (S.D.Fla.2002); *Silong v. United States,* 2006 WL 948048 at *3 (M.D.Fla.2006)(unpub. dec.). As the plaintiff notes (Doc. 22. p. 10), the significance of this factor is reduced because technological advancements in electronic document imaging and retrieval minimize the burden of document production. *See Mason v. Smithkline Beecham Clinical Labs., supra,* 146 F.Supp.2d at 1364.

■ The defendant contends that the "sources of documentary proof will be

much easier to access if the case is transferred" to the California district court because the plaintiff's documents will likely come from its California business location, and the defendant's documents are in its Colorado office, which is closer to California than Florida (Doc. 13, pp. 7, 8).

The plaintiff, however, avers that its "documents relevant to this case are in Florida" (Doc. 23, p. 3, ¶ 20). Furthermore, neither California nor Florida is particularly convenient for the defendant, as paper document production will require shipment from its Colorado office in either event. Moreover, as indicated, the plaintiff argues that the defendant's inconvenience can be minimized by using electronic document imaging and retrieval and, at the hearing, defense counsel did not controvert that this is an option. In all events, this factor slightly favors the plaintiff because it has proffered evidence that its relevant documents are in Florida, and the defendant has not shown a significantly greater imposition for it to transport its evidence to Florida than to California.

### (3) *The convenience of the parties*

■ The defendant argues that the California district court is more convenient for the plaintiff because the plaintiff is a California corporation with a place of business six miles away from the courthouse (Doc. 13, p. 7). It seems anomalous to give any significant weight to the defendant's opinion of which district is more convenient for the plaintiff; the plaintiff seemingly would be the best judge of that. Regardless, the defendant has not shown that the factor points meaningfully in its favor.

To the extent that the convenience of the parties involves the production of evi-

dence of non-employee witnesses or documents, those factors have already been addressed. Thus, the convenience of the parties on this aspect concerns the appearance of employees at court, and, to some extent, the appearance of counsel.

The plaintiff disputes the defendant's contention that California is a more convenient location for the plaintiff. Thus, Everett avers that "[t]he majority of Plaintiff's witnesses presently believed relevant to this case reside or spend substantial portions of their time in Florida" (Doc. 23, ¶ 21). In this regard. Everett identifies three such employees, including himself (*id.*). Although the statement that these potential witnesses "reside or spend substantial portions of their time in Florida." is vague, this is the only specific evidence presented by either party regarding possible witnesses, and it shows that the plaintiff has witnesses with substantial ties to Florida.

On the other hand, the evidence supporting the defendant's contention that California is a more convenient forum for it is not as strong because the defendant's witnesses (*i.e.*, employees) are not located in California. Thus, the defendant's evidence is at its primary place of business in Colorado (*see* Doc. 14, ¶¶ 2, 5, 6).[2] Consequently, its defense of this case will require airplane travel, whether it is tried in Florida or California. Although the defendant points out that California is a shorter distance from Colorado, it has not presented evidence that the longer airplane flight to Florida is a significantly greater inconvenience than traveling to California. In all events, when a transfer of venue would merely shift the inconvenience from the

---

**2.** The defendant states that it also has an office in Los Angeles. California (Doc. 14, ¶ 2). However, it does not argue that this circumstance makes California a more convenient forum. Additionally, the plaintiff assert-

ed at the hearing that the defendant has an office in Orlando, Florida. Defense counsel was not aware of this office, and there is no evidence that it is significant in determining the appropriate venue.

defendant to the plaintiff, the plaintiff's choice of forum should not be disturbed. *Mason v. Smithkline Beecham Clinical Labs., supra,* 146 F.Supp.2d at 1361.

In sum, the facts concerning the identities of the majority of the witnesses, their residences, and their numerosity are unknown to the court. However, the plaintiff has presented evidence that Florida is a more convenient forum for it, and the defendant's inconvenience of a longer airplane flight does not outweigh this evidence. *See id.* Therefore, based on the evidence presently before the court, the factor regarding the convenience of the parties tilts, if at all, in favor of the plaintiff's choice of forum.

### (4) *The locus of operative facts*

■ The focus of this case is trademark dilution and infringement involving nationwide television broadcasting rights. The defendant argues, in a conclusory manner, that the nationwide implications of this case favor a transfer to California (Doc. 13, p. 8). However, the presentation of evidence nationwide in scope does not particularly favor any venue. Rather, the crux of the defendant's argument in this regard appeals to be Florida's purported lack of a specific nexus or relationship to this dispute (*see id.*), which, as discussed, was dispelled by the evidence presented by the plaintiff in response to this motion. Therefore, because the nationwide scope of this case does not establish a locus of facts in any particular forum, this factor is neutral.

### (5) *The availability of process to compel the attendance of unwilling witnesses*

■ The defendant states that the majority of witnesses in this case will likely be employees whose attendance at trial will not need to be compelled (Doc. 13, p. 8). Further, there is no evidence that compulsory process will be necessary for the appearance of any of plaintiff's employees who will be witnesses.

As previously indicated, the plaintiff also asserts generally that it may present non-employee witnesses, who are Florida residents, on issues such as customer confusion. The plaintiff asserts further that their attendance at trial may require the court's subpoena powers because those witnesses are more likely to be unwilling to testify due to the salacious nature of some of the evidence (Doc. 22, pp. 9, 12). However, as previously discussed, these possible witnesses are appropriately disregarded because the plaintiff has not presented any evidence of a specific witness in this regard. *See Mason v. Smithkline Beecham Clinical Labs., supra,* 146 F.Supp.2d at 1362 (requiring the identification of key witnesses and the substance of their testimony). Therefore, because there is no evidence that either party will be deprived of live testimony of any witness due to an individual's distance from either forum, this factor is neutral.

### (6) *The relative means of the parties*

The defendant asserts that the parties are established corporate entities with substantially similar means to litigate this matter and, therefore, this factor is neutral (Doc. 13, p. 9). The plaintiff agrees that this factor is neutral (Doc. 22, p. 12).

### (7) *A forum's familiarity with the governing law*

■ The factor of a forum's familiarity with the governing law makes no difference in evaluating a transfer in this case because the complaint alleges violations of federal statutes, and common laws without specification of any state's laws (*see* Doc. 1). Thus, both districts would be equally knowledgeable regarding the governing law, and the parties agree that this is a

neutral factor (Doc. 13, p. 9; Doc. 22, p. 12).

### (8) *The weight accorded a plaintiff's choice of forum*

The plaintiff's choice of forum is generally a factor heavily weighed in the plaintiff's favor. *See Howell v. Tanner, supra,* 650 F.2d at 616; *Robinson v. Giarmarco & Bill, P.C., supra,* 74 F.3d at 260 ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."). Further, as indicated, the defendant has not shown that this factor should be given less weight in this case. Therefore, this factor weighs strongly in favor of the plaintiff's choice to prosecute this case in this court.

### (9) *Trial efficiency and the interests of justice, based on the totality of the circumstances*

█ The final factors of trial efficiency, and the interests of justice, do not carry any substantial weight in this case. The defendant argues that this factor favors a transfer because statistics show that the average time to trial for a case filed in the California district court is three months less than in this court (Doc. 13, p. 9). This is not a substantial difference. Furthermore, the time involved in a transfer will likely eliminate that difference, if not cause a greater delay.

Finally, other than the defendant's assertion that a transfer would be in the interest of justice based on the shorter time to trial in California, neither party has identified any other circumstance that would fall in the category of interests of justice, and none is apparent. Accordingly, this aspect of the final factor sheds no meaningful light on the appropriateness of a transfer.

### III.

█ In sum, the only factor that carries any substantial weight is the plaintiffs choice of forum. The other factors clearly do not outweigh the presumption in favor of the plaintiff's choice of forum. *Anthony Sterling, M.D. v. Provident Life and Acc. Ins. Co.,* 519 F.Supp.2d 1195, 1208 (M.D.Fla.2007). Therefore, the defendant has failed to show that the balance of the factors "is strongly in favor of the defendant." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Accordingly, a transfer is not warranted.

It is, therefore, upon consideration

ORDERED:

That Defendant New Frontier Media, Inc.'s Motion to Transfer (Doc. 13) is hereby **DENIED.**