**WINDMERE CORPORATION, a Florida corporation, Plaintiff,**

v.

**REMINGTON PRODUCTS, INC., a foreign corporation, North American Philips Corporation, a foreign corporation, and Victor K. Kiam, Defendants.**

**No. 84–2757 Civ.**

United States District Court, S.D. Florida, S.D.

May 31, 1985.

Ronald P. Weil, Hornsby & Whisenand, Miami, Fla., for plaintiff.

H. Dane Mottlau, P.A., Miami, Fla., Surrey & Morse, P.A., Washington, D.C., for defendants.

## ORDER

NESBITT, District Judge.

THIS CAUSE has come on before the Court on the Defendants, REMINGTON PRODUCTS, INC.'s (Remington) and VICTOR K. KIAM's (Kiam), Motion to Dismiss or, in the Alternative, to Change Venue from the Southern District of Florida to the District of Connecticut. By its complaint, WINDMERE CORPORATION (Windmere) is alleged to be a Florida corporation, with its principal place of business located in Hialeah, Florida. The moving Defendant, Remington, is a Delaware corporation with its principal place of business in Connecticut. Kiam is a Connecticut resident. NORTH AMERICAN PHILIPS CORPORATION (NAPC) was voluntarily dismissed by Windmere on March 14, 1984. The amended complaint alleges that Windmere proposed a television advertising campaign for its Ronson electric shavers and that Remington, Kiam and NAPC wrote to three major television networks (NBC, CBS and ABC) and falsely alleged that the Ronson advertisement was deceptive thereby falsely disparaged Remington's product. It is alleged that because of the letter complaints, the three national television networks and certain local television stations refused to show or continue to show the Windmere advertising. The amended complaint seeks damages as well as injunctive relief against Remington and Kiam and purports to allege causes of action

based on interference with business and contractual relationships and trade libel.

Without considering the merits of the motion to dismiss, it appears to the Court that this case is appropriate for a transfer to the District of Connecticut for the convenience of parties and witnesses and in the interests of justice under 28 U.S.C. § 1404(a).

Under 28 U.S.C. § 1404(a) it is provided that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ Under this section the threshold consideration is whether the action "might have been brought" in the proposed transferee district court. *See Continental Grain v. THE Barge FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). An action "might have been brought" in a proposed transferee court if: (1) the court had jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court. 15 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 3845 (1976).

■ It is clear that the action could have originally been brought in the District of Connecticut under 28 U.S.C. § 1391(a), (c) as all the Defendants reside or do business in the District of Connecticut. Further, as the Defendant Remington does business and maintains offices in Connecticut and Kiam resides there, the Defendants would be amenable to process issuing out of the transferee court.

■ The Court must weigh various factors in order to determine if a transfer to a more convenient forum is justified. *Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir.1970). The courts have traditionally considered several factors in determining whether the doctrine of *forum non conveniens* should apply to a particular case. Those factors are: (1) convenience of the parties; (2) convenience of the witness-es; (3) relative ease of access to sources of proof; (4) availability of process to compel presence of unwilling witnesses; (5) cost of obtaining presence of witnesses; (6) the public interest. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Abramson v. INA Capital Management Corp.*, 459 F.Supp. 917 (E.D. N.Y.1978); *Poncy v. Johnson and Johnson*, 414 F.Supp. 551 (S.D.Fla.1976).

■ At the outset, Windmere's choice of forum is not controlling but is merely one of the factors to be considered by the court in determining the most convenient forum for the case. *Garner v. Wolfinbarger*, 433 F.2d at 119. Furthermore, where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration. *Curtin v. Litton Systems*, 365 F.Supp. 489, 490 (E.D. Pa.1973); *see also Popkin v. Eastern Air Lines, Inc.*, 204 F.Supp. 426, 430 n. 3 (E.D. Pa.1962).

## FACTORS SUPPORTING TRANSFER

(A) *Convenience of the parties.* Of the four parties to the action only the Plaintiff is located in or near the Southern District of Florida. The three other parties are located in Connecticut. The convenience of the parties would be best served by transferring the action. Most of the Defendants' employees who have knowledge of the facts and circumstances of the action are employed at the Defendants' principal offices.

(B) *Convenience of witnesses.* Windmere alleges that it had a contract with certain national network television stations to advertise its product. Evidence concerning this allegation would have to be obtained from the television networks which are located in New York. The local television stations referred to in the complaint are spread throughout the United States so no particular district would be more or less convenient to the witnesses representing those networks. If documents and files of the networks have to be subpoenaed and

reviewed they would be located primarily in Connecticut or New York.

(C) *Relative access to other sources of proof.* The books and records of all three defendants are either in New York or Connecticut. Windmere's testing service is located within the District of Connecticut.

(D) *Availability of process to compel presence of witnesses and cost of obtaining witnesses.* The witnesses that would be called by Windmere as well as by the corporate and individual defendants would be located closer to the District of Connecticut as they are either residents of New York or Connecticut.

(E) *Public interest factors.* In comparing the relative congestion of this Court's dockets with those of the District of Connecticut, the latest statistics from the Administrative Office of the United States Courts ending June 30, 1984 reflect that in the Southern District of Florida there were 4445 civil cases and 1046 felony criminal cases filed. Administrative Office of the United States Courts, Federal Court Management Statistics (1984). For the same period of time in the District of Connecticut there were 2859 civil cases and 189 felony criminal cases filed. *Id.* Because of the notorious criminal filings in the Southern District of Florida and the Speedy Trial Rule, 28 U.S.C. § 3161 et seq., it has become, regretfully, almost a "local rule" that plaintiffs and defendants in a civil action endure a long wait to have their day in court. So, a transfer to the District of Connecticut would reasonably expedite disposition of the trial with the attendant reduction of costs and inconvenience to the litigants.

The granting of Defendants' Motion for Change of Venue would result in simply more than shifting the inconvenience of one party to another. This Court has carefully examined the pleadings and motions in this cause and finds that all relevant factors under 28 U.S.C. § 1404(a) are present and that those factors when considered together warrant a transfer to the District of Connecticut. Accordingly, it is

ORDERED AND ADJUDGED that the Defendants Remington's and Kiam's Motion for Change of Venue be and the same is hereby GRANTED. The Clerk of the Court for the Southern District of Florida is hereby directed to take all necessary steps and procedures to effect the expeditious transfer of the above-styled action to the United States District Court for the District of Connecticut.