**JEWELMASTERS, INC., Plaintiff,**

v.

**The MAY DEPARTMENT STORES COMPANY, Defendant.**

**No. 93–8404–CIV.**

United States District Court, S.D. Florida.

Nov. 12, 1993.

894

James R. McCann, Mershon, Sawyer, Johnston, Dunwody & Cole, West Palm Beach, FL, Stephen R. Steinberg, Serchuk & Zelermyer, White Plains, NY, for plaintiff.

Richard M. Dunn, Mitchell E. Widom, Miami, FL, Stephen J. Horace, David E. Martin, Office of Legal Counsel, St. Louis, MO, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes to this Court upon Defendant The May Department Stores Company's ("the May Company") Motion to Transfer Venue, filed August 20, 1993. (D.E. # 3). Plaintiff Jewelmasters, Inc. ("Jewelmasters") filed its response in opposition on October 20, 1993. (D.E. # 8). The Court heard oral argument on the issue of transfer on November 3, 1993.

Jewelmasters is a designer, manufacturer and seller of jewelry with its principle place of business located in West Palm Beach, Florida. The May Company, the largest department store company in the nation, owns and operates department stores across the country, however its principle place of business is located in St. Louis, Missouri. In 1979, a former division of The May Company, known as Robinson, entered into a license agreement with Jewelmasters, under which Jewelmasters operated fine jewelry departments in Robinson department stores located primarily in California, but also in Arizona. The agreement states that California law shall govern. The 14 year relationship between these companies ended abruptly in July 1993 when Jewelmasters filed suit against The May Company in state court, alleging breach of the license agreement, fraud, and an accounting for money allegedly owed by The May Company under the license agreement. Specifically, Jewelmasters claims that the May Company overcharged them for advertising costs incurred to promote Jewelmasters' products, and that the May Company misrepresented the license payments paid by other licensees to coerce Jewelmasters into paying a higher fee.

The May Company removed the case to this Court pursuant to 28 U.S.C. § 1441 and now moves this Court to transfer this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). Although both parties agree that venue is proper in the Southern District of Florida since Plaintiff's principal place of business is located in Florida, Defendant contends that venue is more appropriately placed in the Central District of California because substantially all of the events surrounding the license agreement occurred in California.

### I. This case could have been brought in the Central District of California.

To determine the issue of transfer, the threshold question is "whether the action 'might have been brought' in the proposed transferee district court." *Windmere Corp. v. Remington Products, Inc.*, 617 F.Supp. 8, 10 (S.D.Fla.1985) (citing *Continental Grain Co. v. The Barge FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)). In this case, it is undisputed that this action could have originally been brought in the Central District of California. The District Court for the Central District of California has the same diversity jurisdiction over this matter as does this Court. Venue is proper there since a substantial part of the events relating to the alleged breach took place in California, and the May Company was and is subject to personal jurisdiction in California. And, the

May Company would be amenable to service of process issued by a California court since it does business and maintains offices there.

## II. The balance of convenience favors transfer.

Thus, the only question to be decided is whether, on balance, the convenience of the parties and the interest of justice weigh in favor of this Court retaining this case or transferring it to the Central District of California pursuant to 28 U.S.C. § 1404(a).

■ "The idea behind § 1404(a) is that where a 'civil action' to vindicate a wrong—however brought in a court—presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court." *Continental Grain Co.*, 364 U.S. at 26, 80 S.Ct. at 1475. To determine the appropriateness of such a transfer, the Court must weigh a variety of factors, including (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to the presence of unwilling witnesses; (5) the cost of obtaining the presence of the witnesses; and (6) the public interest. *Windmere Corp., supra.*

After a thorough consideration of the facts in this case, the Court concludes that the aggregate of these factors weighs in favor of transfer.[1] In reaching this decision, the Court found two factors particularly compelling: the convenience of the witnesses and the access to sources of proof.

### A. Convenience of witnesses

Although Plaintiff has named various non-California residents as witnesses, three of whom presently reside in Florida, the majority of the witnesses who have knowledge of the events relating to the alleged breach of the licensing agreement and the alleged fraud are located in central California. Therefore, for the convenience of the witnesses, California is the more appropriate forum.

Plaintiff, however, disputes this point by arguing that the California witnesses listed by Defendant are immaterial, and, thus, their inconvenience is irrelevant. The Court is not inclined to agree. To the contrary, the Court finds that the California residents listed on Defendant's witness list are important to Defendant's case. It can logically be assumed that those Robinson employees who worked with the advertising agencies that the May Company employed to promote Jewelmasters' products are the parties who have first-hand knowledge of the actual amount and value of advertising performed. And, since the correctness of the services charged to Jewelmasters is at issue in this case, their testimony seems to be quite relevant to Defendant's case.

The remaining California witnesses are Robinson employees who worked either directly with the billing of the advertising costs or on the financial and accounting end of store operations during the time that the May Company allegedly overcharged and defrauded Jewelmasters. Given these witnesses' proximity to Defendant's financial books, the Court would be hard pressed to find that they could provide no relevant testimony on

1. In support of their argument that the balance of convenience does not warrant the transfer, Plaintiff cites an opinion of this Court in which the Court refused to find that convenience factors warranted a transfer of venue. *See Surco Products, Inc. v. Theochem Laboratories, Inc.*, 528 F.Supp. 677 (S.D.Fla.1981). That case however is distinguishable from the case at bar. In fact, the facts of *Surco Products* actually support the decision to transfer here. In *Surco Products*, the Court refused to accept the transfer of a case from Tampa which had already been transferred from Pennsylvania to Tampa. The very factors that counseled in favor of keeping the *Surco* Products case in Tampa, counsel in favor of transferring this case to California. In *Surco Products*, this Court found the Middle District of Florida to be the more appropriate forum based on the facts that the defendant corporation's principle place of business was located in Tampa, the documents central to the dispute were located in Tampa, and the principal witnesses resided in Tampa. Similarly, here, the fact that both the majority of the witnesses and the relevant documents are located in California make California the more convenient forum in this case.

the issue of the charges billed to Plaintiff and the license fees paid by the licensees.

Thus, the Court is persuaded by the fact that the majority of the witnesses reside in California. To force these witnesses to travel to Florida by retaining this case would create an unnecessary burden on them, given that this case could just as easily be heard in California. Therefore, the Court concludes that the convenience of the third party witnesses weighs heavily in favor of transferring this case to California.

### B. Ease of access to sources of proof

Equally as important as the live testimony of witnesses in this case is access to the documents that track the parties' fourteen year relationship. The vast majority of those documents, including records of advertising charges and license fees, are located in California, where the contract was negotiated and performed. While Plaintiff is correct in arguing that documents can easily be transferred by mail, the transfer of fourteen years of documents would be both cumbersome and costly. Certainly, the transfer of this case to California will require Plaintiff to transport its documents from Florida to California. However, the Court believes that the burden of transferring Defendant's documents to Florida would outweigh any burden imposed on Plaintiff from the transfer of this case to California. The bulk of the evidence in dispute is likely to come from Defendant's documents. Since the central issue in this case deals with the correctness of charges and fees Defendant billed to Plaintiff, Defendant's general billing practices and licensee agreements will likely be relevant to any determination in this case. The scope of Defendant's documents necessary to this case, then, will extend beyond the scope of Defendant's relationship with Plaintiff to relationships with other licensees. Plaintiff's documents, on the other hand, will be more limited in scope—dealing directly with the actual advertising charges and license fees billed to Plaintiff. Thus, the mere volume of Defendant's records will exceed that of Plaintiff's documents. Therefore, since the bulk of the evidence is primarily located in California, considerations of the ease of access to proof counsel in favor of transferring this case to central California.

### III. Conclusion

This case is a dispute over a licensing agreement negotiated and performed in California. The majority of the evidence and the witnesses are located in California. And, the parties agreed that California law should govern the agreement. The only contact this case has with the Southern District of Florida is that the Plaintiff's principle place of business is located in West Palm Beach, Florida. Therefore, for the reasons stated herein, the Court concludes that, on the balance of convenience and in the interest of justice, this case should be transferred to the United States District Court for the Central District of California.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Motion to Transfer be, and the same is hereby, GRANTED, and it is further

ORDERED and ADJUDGED that the above-styled action be, and the same is hereby, transferred to the United States District Court for the Central District of California in Los Angeles, California. Therefore, the Clerk is hereby directed to send the entire file in the above-styled action to the Clerk of Court for the Central District of California in Los Angeles, California.

DONE and ORDERED.