**THERMAL TECHNOLOGIES, INC., and Roland B. Leavens, Plaintiffs,**

v.

**DADE SERVICE CORPORATION, Defendant.**

No. 03–20499–CIV– LENARD/SIMONTON.

United States District Court, S.D. Florida.

Aug. 22, 2003.

Harvey W. Gurland, Jr., Richard T. Redano, Duane Morris, Miami, FL, for Thermal Technologies, Inc.

Robert Lewis Wolter, Beusse, Brownlee, Bowdoin & Wolter, Orlando, FL, for Dade Service Corporation.

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

SIMONTON, United States Magistrate Judge.

Presently before the Court are Defendant's Motion To Dismiss or, In The Alternative, To Transfer Venue (DE # 9, filed 4/30/03) and Plaintiffs' Motion To Enter Scheduling Order (DE # 26, filed 6/17/03). Pursuant to the consent of the parties, this case has been referred to the undersigned United States Magistrate Judge for final disposition (DE # 23). Plaintiffs have responded in opposition to Defendant's motion (DE # 15) [1] and Defendant has replied (DE # 21). On August 8, 2003, a hearing was held on this motion. All oral rulings made at the hearing are incorporated into this Order. After the hearing, Plaintiffs filed a supplemental response to a question posed by the Court at the hearing (DE # 33). For the reasons stated below, Defendant's Motion to Transfer Venue is granted.

[1]. As part of their response, Plaintiffs objected to the consideration of parts of the Perryman and Wolter declarations provided by Defendant in support of its motion (DE # 15, at pp. 2–4). The undersigned finds no basis for Plaintiffs' objections and they are overruled.

[2]. Defendant's motion also moved to dismiss the initial Complaint for failure to join an

## I. Background

On May 15, 2003, Plaintiffs Leavens (the assignee of legal title in the patent) and Thermal Tech (the exclusive licensee of Leavens under the patent) filed a two-count Amended Complaint, alleging that Defendant Dade Service directly infringes (Count I) and induces infringement of (Count II) U.S. Patent No. 5,778,557 (hereafter the 557 patent), in violation of 35 U.S.C. § 271(a, b). Plaintiffs allege that Defendant makes, uses, sells, or offers to sell in the United States, Including in the Southern District of Florida, ripening rooms which are encompassed by one or more claims of the 557 patent. Specifically, Plaintiffs allege that Defendant reconstructed a ripening room initially made by Thermal Tech pursuant to its exclusive license under the 557 patent, and that Defendant knowingly and willfully provides customer support which induces and enables customers to directly infringe one or more claims of the 557 patent by using infringing ripening rooms made or sold by Defendant. Plaintiffs allege that Defendant has committed acts of infringement within the Southern District of Florida and that Defendant, within the Southern District of Florida, has knowingly induced persons to directly infringe the 557 patent (DE # 14).

## II. Defendant's Motion

Defendant moves to transfer this case to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). [2] In support of this

indispensable party, Leavens. This portion of the motion is deemed moot as the Amended Complaint added Leavens as a Plaintiff. Defendant's motion also moved to dismiss the Complaint on forum non conveniens grounds. Due to the transfer of this case, that portion of the motion is also deemed moot.

motion, Defendant states that 1) it has never committed an alleged act of infringement in the Southern District of Florida; 2) its principal place of business is in Daytona Beach, Florida, which is within the Middle District of Florida; 3) it constructs produce storage, ripening and cooling facilities, and the design and bidding for these products is entirely conducted and maintained through the Daytona Beach office; 4) all relevant documents are located in Daytona Beach; 5) Defendant maintains a branch office for sales and export services in Miami, Florida, where it employs three individuals who make sales calls to customers in Central and South America; 6) Defendant's Miami employees have never offered for sale or bid on a project for the sale of a pressurized ripening room in the United States, and they have never been provided with advertising materials for the pressurized ripening rooms at issue in this case; 7) that witnesses who are not parties to this lawsuit who have knowledge of facts relevant to the 557 patent do not live in Florida; and 8) that Plaintiff Thermal Tech's principal place of business in located in South Carolina, no officers or directors of Thermal Tech reside in Florida, and Thermal Tech does not have an office in Florida or have any employees who live in Florida (DE # 7).

Defendant also alleges that this case only involves three-tier pressurized ripening rooms, which Defendant states that it constructed in 2002 for clients in Birmingham, Alabama; Dunn, North Carolina; and Salisbury, North Carolina (DE # 7 at p. 5., ¶¶ 17, 18). Defendant states that it constructed two-tier pressurized ripening rooms in Plant City, Florida in 1997 and 1998 and in Hollywood, Florida, in 1998 and 2002, but alleges that these do not violate the 557 patent (DE # 7 at p. 4., ¶¶ 12–16). However, both at the hearing and in a supplemental pleading, Plaintiffs averred that they were alleging that the two-tiered pressurized ripening rooms con-structed by Defendant violated the 557 patent (DE # 33).

### III. *Analysis*

Defendant seeks to transfer Plaintiffs' Complaint to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a), which states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other division or district where it might have been brought." This section is the statutory codification of the common law doctrine of *forum non conveniens.* Once this Court decides that transfer of venue is justified for the convenience of parties and witnesses and that the transfer is in the interest of justice, the ruling can only be overturned for a clear abuse of discretion. Thus, there is a heavy presumption in favor of the District Court's decision. *See Brown v. Connecticut Gen. Life Ins. Co.,* 934 F.2d 1193, 1197 (11th Cir.1991) (holding that the trial court did not abuse its discretion in transferring a case that would impose financial hardship on a party no matter where heard).

Congress has authorized the court to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses and the public, and to conserve time, energy and money. *See Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Defendant here, as movant, has the burden of persuading this Court that the transfer is appropriate and should be granted. *See Factors, Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). Initially, Plaintiffs' choice of forum should rarely be disturbed. *See Doe v. Sun Int'l Hotels, Ltd.,* 20 F.Supp.2d 1328, 1329 (S.D.Fla.1998). However, Plaintiffs' chosen venue will receive less deference because Plaintiffs have selected a forum

which is not their home forum, as Plaintiff Thermal Tech's principal place of business is in South Carolina and Plaintiff Leavens is a resident of Washington State. *La Seguridad v. Transytur Line,* 707 F.2d 1304, 1307 (11th Cir.1983). Moreover, the greater the Plaintiffs' or this lawsuit's connection to the forum they have chosen, the Southern District, the more deference the choice will receive. One factor which will result in less deference is the inconvenience and expense to Defendant in litigating in the forum chosen by Plaintiffs. *See Iragorri v. United Technologies Corp.,* 274 F.3d 65, 71–72 (2d Cir.2001) (en banc).

 This Court must consider two factors to determine whether transferring venue is appropriate; 1) whether the action might have been brought in the Middle District of Florida; and 2) whether various factors are satisfied as to determine if a transfer to a more convenient forum is justified. *See Miot v. Kechijian,* 830 F.Supp. 1460, 1465–66 (S.D.Fla.1993).

### A. Whether This Case Might Have Been Brought In The Middle District of Florida

 The parties do not dispute that this case could have been brought in the Middle District of Florida. Defendant has its principal place of business in the Middle District, and Plaintiffs contend that some of the infringing acts and/or solicitation of infringing acts took place in the Middle District. Thus, as Defendant is subject to jurisdiction, venue and service of process in the Middle District, this case might have been brought there. *See Jewelmasters, Inc. v. May Dept. Stores, Co.,* 840 F.Supp. 893, 894–95 (S.D.Fla.1993) (holding that action could have been brought in the Central District of California where venue, process and personal jurisdiction existed in that district).

### B. The Application of the Several Factors

 The next consideration is whether the transfer would be for the convenience of the parties and witnesses and would be in the interest of justice. This, in turn, depends upon Defendant's ability to satisfy the following factors: 1) the convenience of the parties; 2) the convenience of the witnesses; 3) the relative case of access to sources of proof; 4) the availability of process to the presence of unwilling witnesses; 5) the cost of obtaining the presence of witnesses; and 6) the public interest. *See Jewelmasters,* 840 F.Supp. at 895 (listing factors); *Miot v. Kechijian,* 830 F.Supp. at 1460 (same).

Defendant has shown that it will be greatly inconvenienced by trying this case in the Southern District. Plaintiffs have not either contended or shown that they will be any more inconvenienced by having the case tried in the Middle District than in the Southern District.

### 1. The Convenience of The Parties

The undersigned finds that it will be more convenient for the parties if the case is transferred to the Middle District. It is undisputed that it will be significantly more convenient for Defendant to defend the case in the Middle District. Defendant's principal place of business is located in Daytona Beach, Florida, in the Middle District, and a one-hour drive from the Orlando federal courthouse. Daytona Beach is roughly a five hour drive from the Miami federal courthouse. All documents in Defendant's possession and control concerning the design and development, sale or offer to sell its pressurized ripening rooms, sold and constructed in the United States, are located in Daytona Beach. The witnesses who have knowledge of Defendant's activities which appear to be the subject of this litigation reside in the Mid-

dle District. Defendant will be greatly inconvenienced if Owen Perryman, David Perryman, and Shirley Morley, its president, vice president and office manager, are absent from work to attend a two-week trial in Miami. Defendant has asserted that it has only seventeen employees, ten in the Daytona Beach office, three in Miami and four employees working at various places in the United States at ongoing projects.

It will be equally inconvenient for Plaintiffs to prosecute the case in either the Southern or the Middle Districts of Florida. Plaintiff Thermal Tech's principal place of business is in South Carolina, Plaintiff Leavens lives in Washington State, none of Plaintiffs' likely witnesses reside in Florida and all relevant documents under Plaintiffs' control or in Plaintiffs' possession are located outside of Florida.

### 2. *The Convenience of The Witnesses*

The undersigned also finds that it will be also more convenient for the witnesses if the case is transferred to the Middle District of Florida.

Again, it will be a great inconvenience for Defendant's president, vice president and office manager, Owen Perryman, David Perryman, and Shirley Morley to have to be present in Miami, roughly five hours away from Defendant's primary office in Daytona Beach, for a two-week trial. Defendant further contends that its Daytona Beach office is approximately one hour's drive from the federal courthouse in Orlando, in the Middle District. This will make it more convenient for all of Defendant's Daytona Beach employees who may be witnesses to attend a trial in the Middle District.

Plaintiffs do not dispute that it is equally inconvenient for their employees and officers to attend a trial in either district. Plaintiffs assert, however, that it will be more convenient for the potential witnesses who work in Defendant's Miami office to have the case tried in the Southern District. However, Defendant agreed at the hearing to make these potential witnesses available for deposition and/or trial in the Middle District. Furthermore, Plaintiffs have not named any of Defendant's Miami employees as prospective witnesses nor proffered what knowledge these individuals may possess which is relevant to the issues in this case, although these persons likely have knowledge concerning whether infringing activities occurred in the Southern District and it is certainly reasonable for Plaintiffs to seek their testimony. Neither party has identified any other potential witnesses who are located within the Southern District of Florida.

### 3. *The Relative Ease Of Access To Sources of Proof*

The undersigned further finds that the parties' access to sources of proof will be slightly easier if the case is transferred to the Middle District of Florida.

At the hearing, the parties informed the Court that they have agreed to produce documents requested in discovery at the offices of the counsel for each party. Therefore, insofar as discovery is concerned, the ease of access to sources of proof is the same whether the case remains in the Southern District or is transferred to the Middle District.

However, Defendant noted that at trial or in key depositions, original documents in Defendant's possession might well be needed, particularly original drawings that may not copy well, that those documents are located in Daytona Beach, and that it would be more convenient to have those documents at a one hour driving distance from a trial in the Middle District than a five hour driving distance away from a

trial in the Southern District. It will also be easier for Defendant to continue doing business if the trial is held in the Middle District and any of the documents needed for the trial are also needed in the ordinary course of business.

It is undisputed that the sources of proof within Plaintiffs' control are equally accessible to either the Southern or the Middle District, as none of them appear to be located in either district.

In addition, if there is a need to view a sample ripening room, Defendant stated at the hearing that the viewing will need to occur at Defendant's facilities in the Middle District of Florida, and Plaintiffs did not dispute this.

### 4. *The Availability of Process To Procure The Presence of Unwilling Witnesses*

The undersigned finds that the availability of process to procure the presence of unwilling witnesses is not a factor in this analysis.

At the hearing, Defendant stated that it would make its Miami employees available for deposition and/or trial in the Middle District of Florida. Defendant's Daytona Beach employees are amenable to process in the Middle District, but not in the Southern District.

None of Plaintiffs' witnesses appear to be amenable to process in either the Middle District or the Southern District, as none of them appear to be located in either district.

### 5. *The Cost of Obtaining the Presence of Witnesses*

The undersigned finds that the cost of obtaining the presence of witnesses slightly favors transferring the case to the Middle District of Florida.

It would cost Defendant less money to bring its Miami employees to the Middle District, if their testimony is needed, than it would to bring its Daytona Beach employees, some of whom will definitely be witnesses, to the Southern District.

Apparently, the cost of obtaining the presence of witnesses is the same to Plaintiffs whether the case is tried in the Southern District or in the Middle District.

### 6. *The Public Interest*

Finally, the undersigned finds that the public interest favors transferring the case to the Middle District of Florida.

Plaintiffs assert that the public interest favors trying the case in the Southern District because Defendant has an office in Miami out of which a solicitation for an infringing act was made and because at least one infringing act occurred in the Southern District. Defendant contends that the Southern District has a busier docket than the Middle District and that the Middle District has a substantially stronger interest in trying this dispute that the Southern District does because there were no infringing acts or solicitations made in the Southern District.

One factor to be considered as to public interest is the administrative difficulties relating to court congestion. *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F.Supp.2d 1271, 1280 (S.D.Fla.2001). This Court notes that the Southern District of Florida has one of the busiest dockets in the country. *See In re Complaint of Fantome, S.A.*, 232 F.Supp.2d 1298, 1311 (S.D.Fla.2002), *rev'd on other grounds*, 58 Fed.Appx. 835 (11th Cir.2003) (unpub. op.). Although the most recent Court statistics reflect that the Southern District of Florida has a heavier caseload per judge, it is also clear that the Middle District of Florida is also very busy. Therefore, as both the Southern District and the Middle District have very busy dockets, this factor does not significantly favor moving the trial.

Based upon the evidence and arguments presented to date, the Middle District of Florida appears to have a stronger interest in trying this dispute. Plaintiffs' allegations, although disputed, that infringing acts or solicitations to infringe occurred in the Southern District, are sufficient for the Court to assume that the Southern District has at least some interest in trying this dispute. However, if there was infringing activity, the bulk of that activity clearly occurred, and was directed by persons, in the Middle District of Florida. Therefore, Defendant's presence and activities in the Middle District, compared with the significantly less activity in the Southern District, provides the Middle District with a stronger interest in trying this dispute in that district.

### 7. Conclusion

The evidence presented by Defendant in its motion and at the hearing in support of its motion to transfer compels the conclusion that this case should be adjudicated in the Middle District of Florida. The factors of convenience of the parties and of the witnesses, and less strongly, the relative ease of access to the sources of proof, the costs of obtaining the presence of witnesses and the public interest all favor transferring the case. The availability of process to procure the presence of unwilling witnesses is a neutral factor.

In *Iragorri v. United Technologies Corp.*, the *en banc* Second Circuit held that when a plaintiff's choice of a forum was motivated by a forum shopping reason, for example to make it more inconvenient or expensive for a defendant to litigate, that plaintiff's choice of forum would be entitled to much less deference. 274 F.3d at 72. Plaintiffs here have provided two reasons to keep the case in the Southern District, that they chose to file the case here in the first place, and that some infringing acts and/or solicitations to infringe may have occurred in the Southern

District. Plaintiffs do not contest that it would be more convenient for Defendant to have the case tried in the Middle District or that it will be equally inconvenient for Plaintiffs to try the case in either the Southern or the Middle District. Therefore, Plaintiffs' choice of forum is entitled to less deference, and this case will be transferred to the Middle District of Florida.

For the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion To Transfer Venue (DE # 9, filed 4/30/03), is **GRANTED.** This Clerk of the Court is instructed to transfer this case to the United States District Court For The Middle District of Florida. It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Motion To Enter Scheduling Order (DE # 26, filed 6/17/03), is **DEEMED MOOT,** and the schedule of this case is deferred to the District Court of the Middle District of Florida.